**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000428
04-APR-2012
08:08 AM**

NO. CAAP-11-0000428

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


PAUL HODGES, JR., also known as Gary
Hodges, Jr., Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(SPECIAL PROCEEDINGS PRISONER NO. 10-1-0023;
CRIMINAL NO. 95-1147)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Petitioner-Appellant Paul Hodges, Jr., also known as Gary Hodges, Jr., ("Hodges") appeals from the Findings of Fact, Conclusions of Law, and Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner For [sic] Custody ("Order Denying Petition"), filed on April 18, 2011, in the Circuit Court of the First Circuit ("Circuit Court").[1]

On March 29, 1996, Hodges was convicted by a jury of, among other things, Murder in the Second Degree, in violation of Hawaii Revised Statutes ("HRS") § 707-701.5(1) (1993). The jury further found that Hodges had used a firearm in committing the act, thereby subjecting him to a mandatory minimum sentence pursuant to HRS § 706-660.1 (1993). Hodges was sentenced on August 5, 1996 to life imprisonment with the possibility of parole and a mandatory minimum sentence of twenty years in prison. Hodges appealed from his conviction. On October 29, 1997, the Hawai'i Supreme Court entered a Summary Disposition Order affirming Hodges's convictions and sentence.

---

[1] The Honorable Glenn J. Kim presided.

On May 4, 2010, Hodges filed his Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner For [sic] Custody ("Petition") under Hawaiʻi Rules of Penal Procedure Rule 40. On April 18, 2011, the Circuit Court issued the Order Denying Petition without a hearing. Hodges's May 25, 2011 notice of appeal, filed from prison, was dated May 1, 2011, but was post-marked on May 23, 2011. On July 25, 2011, the State of Hawaiʻi ("State") filed a jurisdictional statement that challenged the timeliness of Hodges's notice of appeal.

Hodges's sole claim in his Petition was that (1) his twenty-year sentence was unconstitutional because his crime subjected him to a ten-year sentence, not a twenty-year sentence.[2] In his reply brief to the Circuit Court, Hodges also contended that (2) he received ineffective assistance of appellate counsel for counsel's failure to assert the issue of Hodges's illegal sentence on appeal. In his opening brief on appeal, Hodges added a third argument, contending that (3) the State committed misconduct in tricking him into not filing his jurisdictional statement and opening brief when it "sent [him] a motion saying that his petition was dismissed because he failed to timely file his paper works[.]"

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we affirm the Order Denying Petition and resolve Hodges's points of error as follows:

(1) Hodges appears to argue that HRS § 706-660.1(1) is the applicable statutory provision that governs his mandatory minimum sentence. Under HRS § 706-660.1(1), when "[a] person convicted of a felony, where the person had a firearm in the person's possession or threatened its use or used the firearm while engaged in the commission of the felony," does not have a prior conviction for an offense subject to HRS § 706-660.1, the trial court may impose a mandatory minimum term of imprisonment of up to fifteen years. HAW. REV. STAT. § 706-660.1(1)(a).

---

[2]    In his opening brief, Hodges claims that his crime subjects him to a fifteen year sentence.

Hodges, however, was found by the jury to have used a semiautomatic firearm while committing Murder in the Second Degree. "A person convicted of a felony, where the person had a semiautomatic firearm or automatic firearm in the person's possession or used or threatened its use while engaged in the commission of the felony," is subject to a mandatory minimum term of imprisonment of twenty years for Murder in the Second Degree. HAW. REV. STAT. § 706-660.1(3)(a). Therefore, Hodges's minimum sentence of twenty years is correct under HRS § 706-660.1(3)(a), and HRS § 706-660.1(a) is inapplicable.

(2) Irrespective of the fact that Hodges did not raise the issue of ineffective assistance of counsel in his Petition, since Hodges's mandatory minimum sentence was legal, his appellate counsel was not ineffective for failing to raise the issue on direct appeal.

(3) Again, irrespective of the fact that Hodges did not raise the issue of prosecutorial misconduct in his Petition, and notwithstanding the fact that we disagree with the State's contention that Hodges's appeal was untimely, the State did not commit prosecutorial misconduct in challenging the timeliness of Hodges's appeal from the Order Denying Petition.

Therefore,

IT IS HEREBY ORDERED that the Findings of Fact, Conclusions of Law, and Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner For [sic] Custody, filed on April 18, 2011 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, April 4, 2012.

On the briefs:

Paul Hodges, Jr.,
Pro Se Petitioner-Appellant

James M. Anderson,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Respondent-Appellee

Presiding Judge

Associate Judge

Associate Judge

3